IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | |
| | ) | 1:20-CR-288-MHC-AJB |
| ANTONIO BROWN | ) | |
| | ) | |

## MR. BROWN'S POST-HEARING REPLY BRIEF IN SUPPORT OF HIS MOTION TO SUPPRESS STATEMENTS

The Defendant, Antonio Brown, hereby offers this post-hearing reply brief to address two important points that support this Court granting his pending motion to suppress statements because (1) he was not advised of his *Miranda* rights during a custodial interrogation and (2) his statements were not voluntary. (Doc. 26).

**1. Mr. Brown was not told he was free to leave or that he was not under arrest.**

In responding to Mr. Brown's motion, the Government lists a number of factors relevant to this Court's determination of whether Mr. Brown was in custody for purposes of *Miranda*. However, the Government fails to put proper weight on the single most powerful and important factor – whether Mr. Brown was told he was free to leave or that he was not under arrest.

Although there is no bright line rule setting out the relative hierarchy of the factors a court should consider, many courts consider whether a defendant has been

1

advised that he is free to end the encounter the single most important issue in these situations.

> "Abundant advice of freedom to terminate the encounter should not be treated merely as one equal factor in a multi-factor balancing test designed to discern whether a reasonable person would have understood himself to be in custody. That a person is told repeatedly that he is free to terminate an interview is powerful evidence that a reasonable person would have understood that he was free to terminate the interview. So powerful, indeed, that no governing precedent of the Supreme Court or this court, or any case from another court of appeals that can be located (save one decision of the Ninth Circuit decided under an outmoded standard of review, *United States v. Lee*, 699 F.2d 466, 467–68 (9th Cir.1982) (per curiam)), holds that a person was in custody after being clearly advised of his freedom to leave or terminate questioning."

*United States v. Czichray*, 378 F.3d 822, 826 (8th Cir. 2004); *see also United States v. Griffin*, 922 F.2d 1343, 1349 (8th Cir. 1990) (noting that "[t]he most obvious and effective means of demonstrating that a suspect has not been taken into custody ... is for the police to inform the suspect that an arrest is not being made and that the suspect may terminate the interview at will" (quotation marks omitted)).

This view is consistent with decisions in this circuit, including *United States v. Brown,* which described the factor as a "powerful" one to be weighed by the court. 441 F.3d 1330, 1347 (11th Cir. 2006) ("[u]nambiguously advising a defendant that he is free to leave and is not in custody is a powerful factor in the mix…") Similarly, Judge Jones of the Northern District recently adopted the R&R of Judge Walker which stated that "the most important factor" in determining that the interrogation

of the defendant was non-custodial was "that law enforcement agents told [the defendant] that he was not under arrest, that he was free to leave, and that he did not have to answer their questions." *United States. v. Gray*, No. 1:18-CR-00487-SCJ-LTW, 2021 WL 2070598 (N.D. Ga. May 24, 2021)

Here, the Government readily admits Mr. Brown was not told that he was free to leave or that he was not under arrest at any point during the 90 minute interrogation. (Doc. 36 at 34:10-13, 35:16-20). This failure to even give the most basic of warnings, especially when combined with the other factors more thoroughly discussed in the undersigned response (Doc. 37), would have led a reasonable person in Mr. Brown's situation to have believed he was in custody. Consequently, the statements obtained during the interrogation should be suppressed.

### 2. Mr. Brown was in custody once the subject matter and tone of the interrogation changed.

Interestingly, the Government cites *United States v. Street* to support its argument that Mr. Brown was not in custody. 472 F.3d 1298 (11th Cir. 2006). In *Street*, the officers questioned the defendant at his home after making it clear that the subject matter of questioning would be limited to why he was in possession of the same car seen at various bank robberies. *Id*. at 1302. Unlike the Inspectors here, the officers in *Street* also "explicitly informed [the defendant] that he was not under arrest." *Id*. Even so, the court agreed that the defendant in *Street* was in custody for *Miranda* purposes, even though the interrogation took place at said defendant's

home and the defendant, a police officer, was much more familiar with police procedure, than Mr. Brown for instance. Importantly, the Eleventh Circuit discerned this nearly 45 minutes *after* the interview started when the police changed the purported subject-matter of the interview. *Id.* at 1303-04 (reasoning the defendant was in custody for *Miranda* purposes once police changed the interview to the robberies themselves, rather than just the location of the defendant's car) (emphasis added).

Like the defendant in *Street* whose custody did not begin until the subject and tone of the interrogation changed, Mr. Brown's custody for *Miranda* purposes began when his demeanor changed and the subject matter of the interrogation moved from his whistleblower allegations to his personal financials. (Doc. 36 at 11:11-16, Ex. 1-B, Part I, p. 22-23). At that point he was entitled to a *Miranda* warning and the failure to receive one renders his statements inadmissible. *Street*, 472 F.3d at 1303-04.

## CONCLUSION

Inspectors Petronis and Speers entered Mr. Brown's home under the guise of investigating public corruption they had been alerted to by Mr. Brown himself. Once in his home, they took control and interrogated him for approximately an hour and a half before executing a search warrant. They failed to advise Mr. Brown that he was free to leave, that he did not have to answer their questions, or that he could end

the interview at any time. Further, by their own admission, Mr. Brown's demeanor changed as the interview morphed into an interrogation. At that point, the totality of the circumstances mandated that Mr. Brown was entitled to a *Miranda* warning, and because he was not given one, any statements he made from that point on were made while he was in custody and were not voluntary.

For all of these reasons, Mr. Brown respectfully requests that this Court grant the motion to suppress.

Respectfully submitted, this 23rd day of June, 2021.

/s/ Lawanda N. Hodges
Lawanda N. Hodges, Esq.
Georgia Bar No. 547413
THE LAW FIRM OF LAWANDA HODGES, LLC
1100 Peachtree Street, Suite 200
Atlanta, Georgia 30309
Office: (404) 474-0772
Fax: (404) 474-2774
lhodges@lhodgeslaw.com

/s/ Jennifer L. Little
Jennifer L. Little
Georgia Bar No. 141596
Jennifer Little Law, LLC
400 Galleria Parkway SE
Suite 1920
Atlanta, Georgia  30339
Office:  (404) 947-7778
jlittle@jllaw.com

/s/ Emily Ward
Emily Ward
Georgia Bar No. 500999
Smith, Gambrell, & Russell LLP
Promenade, Suite 3100
1230 Peachtree St. N.E.
Atlanta, Georgia 30309
Office: (404) 815-3575
Fax: (404) 685-6875
eward@sgrlaw.com

**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this 23rd day of June, 2021, the undersigned electronically filed the foregoing filing using the CM/ECF system, which will automatically send email notification of such filing to the attorney(s) of record.

Thomas Krepp
Assistant U.S. Attorney
U.S. Attorney's Office
Northern District of Georgia
75 Ted Turner Drive SW
Atlanta, Georgia 30303

/s/ Lawanda N. Hodges
Lawanda N. Hodges, Esq.
Georgia Bar No. 547413
THE LAW FIRM OF LAWANDA HODGES, LLC
1100 Peachtree Street, Suite 200
Atlanta, Georgia 30309
(404) 474-0772
lhodges@lhodgeslaw.com